Gina M. Corena, Esq.
Nevada Bar No. 10330
gina@lawofficecorena.com
Chet A. Glover, Esq.
Nevada Bar No. 10054
chet@lawofficecorena.com
GINA CORENA & ASSOCIATES
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NANCY ALTAMIRANO, an individual<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Foreign Corporation;  DOE EMPLOYEES OF TARGET CORPORATION; DOE MAINTENANCE COMPANY; I through X; DOES I through XV, and ROE Corporations I through X, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-00958-RFB-MDC<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

Plaintiff, Nancy Altamirano ("Plaintiff"), by and through her counsel of record Gina M. Corena, Esq. and Chet A. Glover, Esq. of GINA CORENA & ASSOCIATES, and Defendant, TARGET CORPORATION, ("Defendant") by and through its counsel of record, Alan W. Westrbook, Esq. of PERRY & WESTBROOK, submit the following Joint Discovery Plan and Scheduling Order ("Plan"). The parties conducted a discovery planning conference on June 17, 2024 and submit the Plan for review and approval.

The standard discovery plan would end discovery on October 29, 2024, with initial expert disclosures due on August 30, 2024 and rebuttal experts due on September 30, 2024. This matter involves allegations of personal injury at Target and thus necessitates corporate discovery to include in-depth written discovery responses and corporate designee deposition(s). The parties are in the process of negotiating an applicable protective order and confidentiality stipulation that will require agreement

prior to the disclosure of corporate policies and procedures. For the parties to adequately prepare their claims and defenses related to the injury allegations, all the appropriate documents must be disclosed, reviewed, and sent to various experts. Plaintiff will request various corporate documents that will have to be internally identified and properly redacted prior to production. Typically, production of internal confidential and proprietary claims documents can include documents in the thousands of pages. This portion of discovery alone is anticipated to take several months.

Further, both parties seek to identify and retain expert witnesses in preparation for the trial in this matter. Given that the expert disclosure dates are fast approaching on the standard schedule and both counsel have summer vacations planned that will take away from available scheduling dates, both parties anticipate that there will be a request for additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that contemplates nine (9) months of discovery instead of the standard six (6) month timeframe.

1. **Changes in the timing, form or requirements for Rule 26(a) Disclosures:** The parties have agreed the Rule 26(a) disclosure deadline is July 1, 2024.

2. **Subjects on which discovery may be made:** The parties envision propounding written discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all relevant records through use of subpoena. The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's Complaint and Defendant's Answer.

3. **Changes to limitations on discovery:** None.

4. **Discovery of electronically stored information:** The parties have implemented litigation holds and taken other reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

5. **Proposed Discovery Schedule for Special Review:**

    a. Close of Discovery: Monday, March 17, 2025

    b. Amend pleadings and add parties: Friday, November 15, 2024

    c. Initial Expert Disclosures: Tuesday, December 17, 2024

    d. Rebuttal Expert Disclosures: Thursday, January 16, 2025

    e. Dispositive Motions: Wednesday, April 16, 2025

    f. Pretrial Order: Friday, May 16, 2025*

*In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** All disclosures required by Fed. R. Civ. P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 5 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

7. **Alternative dispute resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

8. **Alternative forms of case disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the Short Trial Program are not appropriate for this case.

9. **Electronic evidence:** The parties certify that they discussed the presentation of electronic evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

10. **Electronic Service of Discovery:** Plaintiff hereby agrees to electronic service of all documents at the following email addresses: chet@lawofficecorena.com, realj@lawofficecorena.com. Defendant hereby agrees to electronic service of all documents to the following email addresses: awestbrook@perrywestbrook.com, vgonzalez@perrywestbrook.com, and jmosely@perrywestbrook.com

IT IS RESPECTFULLY SUBMITTED.

Dated this 27th day of June, 2024

GINA CORENA & ASSOCIATES

 */s/ Chet A. Glover*

Gina M. Corena, Esq.
Nevada Bar No. 10330
Chet A. Glover, Esq.
Nevada Bar No. 10054
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101
*Attorneys for Plaintiff*

Dated this 27th day of June, 2024

PERRY & WESTBROOK

 */s/ Alan W. Westbrook*

Alan W. Westbrook, Esq.
Nevada Bar No. 6167
11500 S. Eastern, Suite 140
Henderson, NV 89052
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE
DATED: 6/27/24